**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Kareem M. Bligen, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 2:10-cr-278-PMD |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner Kareem Bligen's motion to withdraw his motion for relief under 28 U.S.C. § 2255 (ECF No. 26). For the reasons stated herein, Court grants his motion to withdraw and dismisses the § 2255 motion.

**PROCEDURAL HISTORY**

Petitioner filed his § 2255 motion in August 2014, claiming his prison sentence was improper under *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). Because en banc review was pending in *Whiteside* at that time, this Court issued a stay. Following the Fourth Circuit's en banc opinion, 775 F.3d 180 (4th Cir. 2014), this Court lifted the stay. The Government then sought summary judgment, contending Petitioner's claim is untimely and, in any event, meritless under the ultimate decision in *Whiteside*. Petitioner filed a response in opposition to the Government's motion.

Around that time, Petitioner filed a separate motion for a sentence reduction under 18 U.S.C. § 3582(c). The Court appointed an attorney to assist him with that motion. At Petitioner's request, counsel filed the instant motion to withdraw. The Government opposes the motion.

## ANALYSIS

Petitioner acknowledges that he prepared his § 2255 motion without understanding the applicable law.  He wants his § 2255 motion dismissed without prejudice so that he can file another one if the Supreme Court later issues a decision that would afford him habeas relief.

Because the Government has moved for summary judgment, the Court construes the request as a motion for an order of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).  *See* Fed. R. Civ. P. 41(a) (allowing plaintiffs to dismiss cases without a court order only in limited circumstances that are not present here).  Rule 41(a)(2) allows courts to order voluntary dismissal "on terms that the court considers proper."  "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant."  *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).  Seeing no such prejudice here, the Court will dismiss the § 2255 motion.

Unless the court states otherwise, a Rule 41(a)(2) dismissal is without prejudice.  Fed. R. Civ. P. 41(a)(2).  As noted above, Petitioner wants the dismissal to be without prejudice so that he may file another § 2255 motion in the future.  The Government counters that dismissing without prejudice will give Petitioner the improper tactical advantage of avoiding the statutory restrictions on filing second or successive § 2255 motions.  *See* 28 U.S.C. §§ 2244, 2255(h).  Both parties' positions assume that this Court can control whether any future § 2255 motion Petitioner files will be second or successive simply by designating the current voluntary dismissal as with or without prejudice.   However, there is more to it than that.  "[T]he reasons for which a petitioner withdraws a § 2255 petition should govern the analysis of whether that petition counts" for the purposes of §§ 2244 and 2255(h).  *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004) (per curiam); *see also Provenzale v. United States*, 388 F. App'x 285, 287

(4th Cir. 2010) (per curiam) (relying on *Thai* and similar decisions from other circuit courts). Generally, a voluntarily withdrawn habeas petition "does not count for purposes of the 'second or successive' rule." *Provenzale*, 388 F. App'x at 287. For the withdrawn petition to "count," thus triggering the restrictions on second and successive petitions, the court must find that "the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner" is withdrawing the petition because "he knows [it] is meritless." *Thai*, 391 F.3d at 495.

The Court will dismiss Petitioner's current § 2255 motion without prejudice. It does so based solely on the lack of any apparent reason that such a dismissal will prejudice the Government. As such, this Order should not be interpreted as a predetermination of whether any future § 2255 motion Petitioner might file would be second or successive. To the contrary, the effect of Petitioner's withdrawn § 2255 motion under *Provenzale* and *Thai* is an issue that will not become ripe unless and until Petitioner files another § 2255 motion in the future. Accordingly, the Court expresses no opinion on that issue at this time.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to withdraw his § 2255 motion is **GRANTED**. Petitioner's § 2255 motion is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 8, 2016**
**Charleston, South Carolina**

3